# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * | |
| MICHAEL WARE, | |
|         Petitioner, | No. 15-1410V |
| | Special Master Christian J. Moran |
| v. | |
| | Filed: September 25, 2018 |
| SECRETARY OF HEALTH | |
| AND HUMAN SERVICES, | Attorneys' Fees and Costs |
| | |
|         Respondent. | |
| * * * * * * * * * * * * * * * * * * * | |

Brian L. Cinelli, Marcus & Cinelli, LLP, Williamsville, NY, for petitioner;
Voris E. Johnson, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION ON FEES AND COSTS[1]

On June 11, 2017, petitioner Michael Ware moved for final attorneys' fees and costs. **He is awarded $65,699.68.**

\*    \*    \*

On November 20, 2015, Mr. Ware filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §300a-10 through 34, alleging the influenza ("flu") vaccine caused him to suffer from thrombocytopenia, polymyositis, and "other injuries." The undersigned issued a decision awarding compensation to Mr. Ware based on the parties' stipulation. Decision, issued February 6, 2018, 2018 WL 1150061.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Mr. Ware then filed the instant motion for attorneys' fees and costs, requesting $70,289.00 in fees and $9,955.96 in attorneys' costs, for a total of $80,244.96. The Secretary filed a response to Mr. Ware's motion. The Secretary represented that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp., filed June 15, 2018, at 2. With respect to amount, the Secretary recommended "that the special master exercise his discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3.

Because Mr. Ware received compensation, he is entitled to an award of attorneys' fees and costs. 42 U.S.C. § 300aa-15(e). The unresolved question is the reasonable amount of attorneys' fees and costs.

## I. Attorneys' Fees

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, the court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. The undersigned finds that a downward departure from the lodestar total is not called for in this case.

### A. Reasonable Hourly Rate

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See Shea v. Sec'y of Health & Human Servs., No. 13-737V, 2015 WL 9594109, at *2 (Fed. Cl. Spec. Mstr. Dec. 10, 2015) ("special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination . . . and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies").

In support of the hourly rate charged by Mr. Cinelli, petitioner submitted an affidavit from Mr. Cinelli. In his affidavit, Mr. Cinelli stated that his $300 hourly rate "is lower than the current forum rate as discussed in McCulloch and has previously been awarded to petitioner's firm by Chief Special Master Nora Beth

2

Dorsey for work performed since 2017." Pet'r's Fees Mot., Affidavit of Brian Cinelli, at 2 (citing Campbell v. Sec'y of Health & Human Servs., No. 15-0541V, 2017 WL 6381707, at *2 (Fed. Cl. Spec. Mstr. May 16, 2017)).

It is true that Mr. Cinelli's requested rates are lower than the forum rates suggested in McCulloch. However, special masters should not use the forum rate when determining fees in those cases where the bulk of the work is done outside the District of Columbia and the local rates are substantially lower. Avera, 515 F.3d at 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia, in upstate New York. Thus, Mr. Cinelli's reference to forum rates are inapposite.

Furthermore, Mr. Cinelli's reference to the Chief Special Master's decision in Campbell to support his $300 hourly rate is problematic. In that decision, while the Chief Special Master awarded Mr. Cinelli $300 per hour for 2017, she also stated that she was not persuaded that Mr. Cinelli should be awarded $300 per hour for his work from 2014 through 2016. Campbell, 2017 WL 6381707, at *2. Despite this, that is exactly what Mr. Cinelli charged for that same time period here. Mr. Cinelli's decision to cite Campbell as persuasive authority in support of his charged rates when the decision actually expressly contradicts the same is, at the least, concerning.

The undersigned agrees with the Chief Special Master's analysis in Campbell and finds an hourly rate of $275 for 2014-2016 and $300 for 2017 to be reasonable. Likewise, the undersigned finds the $300 hourly rate charged by Mr. Cinelli for 2018 and his paralegal rate to be reasonable as well.

The undersigned finds that a 7.5percent deduction reasonably approximates the required deductions for the excessive hourly rates in 2014-2016.

### B. Reasonable Number of Hours

The Secretary also did not directly challenge any of the requested hours as unreasonable. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).

Speaking generally, the number of hours billed in this case struck the undersigned as high based on his experience evaluating cases of similar complexity.

Based on a review of the billing records, counsel did a good job of documenting the work performed with each entry. Nonetheless, the undersigned finds that the amount of time spent by Mr. Cinelli throughout this case was significantly more than, in the undersigned's experience, is reasonably necessary for the job. As an example, approximately 50 hours of attorney time was billed for the preparation of the petition. See Pet'r's Fees Mot., exhibit 2, at PDF1-6.[2]

This is not a new critique of Mr. Cinelli; the Chief Special Master made this same conclusion regarding Mr. Cinelli's work in at least two cases. See Campbell, 2017 WL 6381707, at *2 (finding a 20 percent deduction appropriate because the hours billed were "significantly higher" than comparable cases and appeared "excessive"); Schupp v. Sec'y of Health & Human Servs., No. 15-1264V, 2017 WL 6348865, at *3 (Fed. Cl. Spec. Mstr. May 10, 2017) (finding the fees award should be reduced by 20 percent for excessive billing).

Mr. Cinelli's efforts to keep detailed notes of his billing entries offset some of the undersigned's concerns about potentially excessive billing. Nonetheless, based on a review of the billing entries and the undersigned's experience evaluating similar fees motions, a 10 percent reduction in the overall number of hours billed is appropriate.

## II. Costs

In addition to seeking attorneys' fees, Mr. Ware seeks an award of costs totaling $9,955.96.

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Reasonable expert fees—such as the fee for a life care planner—are determined using the lodestar method, in which

---

[2] It appears that Mr. Cinelli may have been, at least to an extent, aware of the fact that he was billing large amounts of time; the word "lengthy" qualifies his billing entry descriptions of his work-product a total of 33 times.

4

a reasonable hourly rate is multiplied by a reasonable number of hours. Caves v. Sec'y of Health & Human Servs., 111 Fed. Cl. 774, 779 (2013).

Mr. Ware's motion included typical costs incurred in Vaccine Act claims, including costs for medical records retrieval, mailings, and postage. These costs are reasonable and are awarded in full.

Mr. Ware also requested reimbursement of $5,543.75 in costs associated with his life care planner. The hourly rate charged by petitioner's life care planner appears reasonable. However, the number of hours billed for this case does not.

A review of the life care planner's invoice indicates that he spent a substantial amount of time researching common costs for Mr. Ware. Approximately 40 percent of the total number of hours billed are associated with researching costs. See Pet'r's Fees Mot., exhibit 6. In the undersigned's experience, this amount is excessive for a case of this nature. It is expected that life care planners should be able to have such costs quickly accessible due to their experience and expertise. See Manis v. Sec'y of Health & Human Servs., No. 13-732V, 2016 WL 4437959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2016) (noting that "Given life care planners' professional expertise, the projected costs for certain relatively common items (such as medications, physical therapy, neurology appointments, and high deductibles) should be readily available to them, and thus quickly accessible. Life care planners are expected to have familiarity with such commonplace costs").

Furthermore, the life care planner's billing entries are extremely vague and utilize block billing. This makes examining the reasonableness of the number of hours difficult. It is not clear why a life care planner's fees would be held to a lesser standard than attorneys' fees, which require sufficient detail to allow an effective review of reasonableness. See Avgoustis v. Shinseki, 639 F.3d 1340, 1344-45 (Fed. Cir. 2011) (stating that requiring entries which permit effective review of the charges is in accord with cases from the Federal Circuit and the Supreme Court). A notable example of this problem in the instant case is the line item for 8 hours of "ongoing record review." See Pet'r's Fees Mot., exhibit 6. This line item is the last billing entry on the invoice and follows the billing entry for the preparation of the life care plan itself. Based on the undersigned's experience, this entry appears superfluous. Because of the lack of detailed billing, the undersigned is not in a position to conclude that the expense is reasonable.

As a result of the aforementioned concerns regarding the life care plan invoice, the undersigned finds a 50 percent reduction in the number of hours billed by the life care planner to be appropriate.

Mr. Ware also requested reimbursement of costs associated with the preparation of an economic loss report by Prof. Mark Zaporowski.  <u>See</u> Pet'r's Fees Mot., exhibit 2, at PDF 27; exhibit 41.  The hourly rate and the number of hours billed by Prof. Zaporowski are reasonable.

### III. Conclusion

Accordingly, petitioner is awarded $58,515.59 in fees and $7,184.09 in costs, for a total award of:

**A lump sum of $65,699.68 in the form of a check made payable to petitioner and petitioner's attorney, Brian L. Cinelli.**

This amount represents reimbursement for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED**.

S/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.